## O'CONNOR v CASFELLI, et al.

Case No. 87-164-SP-20-P

County Court, Monroe County

July 23, 1987

### APPEARANCES OF COUNSEL

**Kim O'Connor,** pro se.

**Henry Lee Morgenstern** for defendants.

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

Plaintiff sues defendants to claim her prize for having won a contest sponsored by the defendants. The facts of this case are that defendants, owners and operators of a popular Key West Night Club advertised and promoted a contest whereby the public was invited to enter a contest which required them to appear at "The Copa" on the evening

of March 19, 1987 dressed in a costume of a character from the movie and/or Broadway play "The Little Shop of Horrors." Admission to "The Copa" cost $5.00.

There were no written contest rules or entry papers or entry fee except for the above-mentioned cost of admission to the establishment.

It was advertised that the winner of the contest would receive two round trip airline tickets from Key West to New York City together with two tickets to attend the Broadway play "Little Shop of Horrors".

At approximately midnight on the day in question the master of ceremonies took to the stage at "The Copa" and invited all persons present who wished to be contestants in "The Little Shop of Horrors Costume Contest" to come onto the stage. The audience was then advised that they would determine the winner of the costume contest by their applause.

Approximately six contestants took to the stage wearing various ill-fitting and/or loud "suits" and stood next to the master of ceremonies. At about this time the plaintiff, dressed in blue jeans and a plaid shirt, started toward the stage and on her way forward stopped and picked up a large Areca palm, which was placed on the edge of the stage for "Horrors" decor purposes, and placing the Areca palm on top of her head joined the other contestants.

One-by-one the master of ceremonies placed his hand over the head of each contestant and called for the audience to applaud. Plaintiff applauded for each of her fellow contestants by smacking both sides of the potted plant she was holding on her head. Plaintiff capped off her performance with a deep bow holding the potted plant to her head for all of which she received the loudest applause from the appreciative audience. The master of ceremonies declared plaintiff the winner and she was told to return the following day to receive her prize.

After the contest was over Defendant decided to disqualify Plaintiff as winner and awarded the prize to another contestant. Defendant's reason being that plaintiff was not dressed "in costume" and had used a prop owned by "The Copa" and was therefore disqualified.

Defendant's decision to disqualify was based on the belief that plaintiff was wearing ordinary attire consisting of blue jeans and a shirt and she was not really a participant in the contest and she had used a stage prop belonging to the Night Club as her costume. In Defendant's opinion Plaintiff had "just jumped in".

The following day Plaintiff returned to collect her prize and was told that it had been awarded to another.

54

Plaintiff filed suit seeking the monetary value of the airplane and theater tickets on the theory of fraud, breach of contract, unjust enrichment, promissory estoppel together with damages for intentional infliction of emotional distress, the latter being abandoned at trial.

At the outset it is well to note that there were no written or formal contest rules or application forms. The audience was permitted to act as judges even though they may or may not have attended the play or movie "Little Shop of Horrors". Accordingly, the judges of the contest may or may not have been qualified to judge the various costumes worn by the contestants, vis-a-vis, the costumes worn by actors in the Broadway play or movie version thereof. Under the stated rules their collective wisdom would decide the winner. Obviously, Plaintiff's costume, in their opinion, most approximated that of the professional costumes of New York and/or Hollywood. Either that or Plaintiff's "hour upon the stage" caught their party or festive moods.

A contest for a prize is, in truth, an executory unilateral contract. *Champagne Chrysler-Plymouth, Inc. v. David Giles*, (Fla. App. 3, 1980) 388 So.2d 1343.

> "as the obligation is, before acceptance, on one side only, the proposer, being bound to comply with his proposal, while the other party is under no obligation and under no peril until acceptance. . . *C.W. Kistler v. Hotel Martinique*, 44 So.2d 288."

The critical point being whether or not the act requested to be done by the contestant is an act which is some way benefits the proposer, for if the act requested is not beneficial to the proposer then the matter is a mere gratuity and unenforceable as against the proposer.

A contract may be supported by an voluntary act which the other party derives a benefit. [See *Taylor v. Baker*, (1947) 1 Fla. 282.]

It is obvious to the Court that a Night Club would benefit by attracting customers who wish to compete in the contest or who wish to observe such contests.

There were few rules in this contest, the field was wide open for entry, there was no screening of contestants' costumes before judging, no entrance forms, no rules against the embellishment of one's costume by way of borrowing company property.

Under the contest rules plaintiff performed and was adjudged the winner by the audience. This Court hereby ratifies the decision of the audience, the premises considered, it is

ORDERED and ADJUDGED that Plaintiff, KIM O'CONNOR, do

have and recover of and from defendants, **JOHN CASFELLI** and **WILLIAM BARTIANSEN** d/b/a "The Copa", the sum of $512 damages, her just desserts, together with the costs in this behalf expended and herein taxed at $53.50, for all of which let execution issue.

DONE and ORDERED at Key West, Monroe County, Florida this 23rd day of July, 1987.